# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **MERRY X-RAY CORPORATION d/b/a UNIVERSAL MEDICAL SYSTEMS,** <br> **Plaintiff,** <br><br> vs. <br><br> **THE JDIS GROUP, et al.,** <br><br> **Defendants.** | CASE NO. 1:20CV285 <br><br> SENIOR JUDGE <br> CHRISTOPHER A. BOYKO <br><br> **OPINION AND ORDER** |

**CHRISTOPHER A. BOYKO, SR. J.:**

This matter comes before the Court upon the Motion (ECF DKT #19) of Defendants The JDIS Group and Burke Whitney to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6). For the following reasons, the Motion is denied.

## I. FACTUAL BACKGROUND

Plaintiff Merry X-Ray Corporation filed the instant Complaint against Defendants JDIS and Whitney on February 7, 2020, alleging Breach of Contract, Unjust Enrichment, Promissory Estoppel, Fraud in the Inducement and Negligent Misrepresentation.

Plaintiff is an Ohio limited liability company with its principal place of business in Cuyahoga County, Ohio. Defendant JDIS is a California limited liability company with its

principal place of business in Orange County, California. Defendant Whitney is a resident of California and Managing Partner of The JDIS Group. Two of Plaintiff's subsidiaries are Merry X-Ray Corporation d/b/a Consensys Imaging Services, Inc. ("Consensys") and Merry X-Ray Corporation d/b/a Nationwide Imaging Services, Inc. ("Nationwide").

Beginning as early as 2016, Defendant JDIS, as vendor, entered into a number of contracts with Plaintiff, as "middle-man," to provide medical equipment and related services to Plaintiff's customers that are predominately animal healthcare facilities. Plaintiff would purchase medical equipment directly from Defendant JDIS for its customers. Defendant JDIS would then service the medical equipment sent to Plaintiff's customers and rectify any performance or software related issues.

Plaintiff alleges that in January 2019, Defendant JDIS began to provide Plaintiff's customers with faulty medical equipment and failed to respond to service calls it received from Plaintiff's customers associated with that medical equipment. Defendant JDIS accepted the funds for the medical equipment and services to be provided to Plaintiff's customers, but failed to uphold its end of the bargain. Due to Defendant's failures and in order to maintain its customers, Plaintiff was forced to remove and replace defective equipment and to provide its customers with alternate services through Merry X-Ray subsidiaries Consensys and Nationwide.

On or about November 1, 2019, Plaintiff ended its relationship with Defendant JDIS. Due to Defendant JDIS's continued failure to perform under the terms of the contracts and to rectify its breaches, Plaintiff has incurred significant expenses amounting to nearly $900,000.00.

Plaintiff attaches a representative copy of the parties' agreements to the Complaint (ECF DKT #2-1) and to its Opposition Brief (ECF DKT #20). Defendant provides copies of nine of the parties' agreements with its Reply Brief (ECF DKT #21). Plaintiff alleges that it performed its obligations under the contracts and has not breached any contractual duties that would act as a bar to its claims. In addition, Plaintiff contends that Defendant JDIS's material breaches excused any further performance on Plaintiff's part.

Moreover, Plaintiff alleges that it conferred a benefit on Defendant JDIS by paying Defendant JDIS for services that were never rendered; and it would be unjust for Defendant JDIS to retain the funds received from Plaintiff. Also, Defendant JDIS's explicit promises reasonably induced Plaintiff into paying Defendant JDIS, but Defendant JDIS did not perform as it promised it would. As for Defendant Whitney, Plaintiff alleges reasonable reliance upon his fraudulent representations and negligent misrepresentations; thereby causing Plaintiff to continue its course of dealings with Defendant JDIS without obtaining the promised services.

On August 19, 2020, Defendants filed their Motion to Dismiss. Defendants contend that Plaintiff's Complaint cannot be sustained as a matter of law. The contractual Limitation of Liability clause provides that JDIS may not be held liable for any of the damages alleged in the Complaint because liability is capped at the amount paid by Plaintiff to JDIS in the preceding twelve-month period. The agreements' Hold Harmless clause mandates dismissal of claims arising out of JDIS's negligent acts or omissions. Plaintiff's reimbursement damages are not covered by the applicable warranty which excludes "damages or repairs due to any non-JDIS party." Defendants assert Plaintiff's own spreadsheet (ECF DKT #2-1, Exhibit "I") establishes that Plaintiff stopped paying on the contracts, thus voiding the

warranty obligations. Defendants also argue that the alternative Unjust Enrichment and Promissory Estoppel claims are insufficiently pled because they incorporate the allegation that a written contract exists.

## II. LAW AND ANALYSIS

**Standard of Review - Fed.R.Civ.P. 12(b)(6)**

"In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Factual allegations contained in a complaint must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990). The United States Supreme Court, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), discussed *Twombly* and provided additional analysis of the motion to dismiss standard:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-plead factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 679.

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499

F.3d 538, 541 (6th Cir.2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir.2007)).

The Court should disregard conclusory allegations, including legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555; *J & J Sports Prods. v. Kennedy*, No. 1:10CV2740, 2011 U.S. Dist. LEXIS 154644, *4 (N.D.Ohio Nov. 3, 2011).

A written instrument attached to a pleading is a part of the pleading for all purposes. Fed.R.Civ.P. 10(c). "In addition, when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.,* 508 F.3d 327, 335–36 (6th Cir. 2007).

"Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations ... a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable ..." *Twombly*, 550 U.S. at 556.

The agreements between Plaintiff Merry X-Ray and Defendant JDIS specify that the law of the State of Florida governs.

Under Florida law, "[a] breach of contract claim must allege the following elements: (1) a contract; (2) a breach of the contract; and (3) damages resulting from the breach of the contract." *Trinity Graphic, USA, Inc. v. Tervis Tumbler Company*, 320 F.Supp. 3d 1285, 1295 (M.D. Fla. 2018), *citing Rollins, Inc. v. Butland*, 951 So.2d 860, 876 (Fla. Dist. Ct. App. 2009); *see also Sun Life Assurance Company of Canada v. Imperial Premium Finance, LLC*, 904 F.3d 1197, 1217 (11th Cir. 2018).

**Relevant Contract Terms**

"The warranty will begin after the MRI system performs the first patient scan (reimbursable or voluntary)."

Included warranty items are:

- 1 hour phone response during normal business hours
- One day maximum on-site response during normal business days
- One Year parts and labor for MRI system, coils, cryorefrigeration systems subject to SPECIFIC TERMS below
- Helium service as needed and subject to HELIUM COSTS below

"Warranty coverage is void immediately upon [among other things] . . . failure of CUSTOMER to make payment as scheduled in PAYMENT TERMS."

Warranty Damage Limitations - "No damage or repairs due to any non-JDIS party is included. All such repairs will be affected at Time and Materials rates and subject to the ADDITIONAL CHARGES clause below. Total warranty coverage for the duration of this contract is limited to non-JDIS costs not to exceed 30% of customer purchase as defined in this contract."

Insurance and Indemnification - "JDI SOLUTIONS and CUSTOMER shall indemnify and hold each other [harmless] from and against any and all claims, expenses, losses, and obligations arising out of JDI SOLUTIONS's or CUSTOMER'S negligent acts or omissions."

Per Defendants' representation, the Limitation of Liability provision is found in only four of the contracts. (ECF DKT #21 at 9). It reads: "The liability of JDIS for breach of any obligation hereunder is limited to the repair of the EQUIPMENT COVERED by this Agreement without additional charge to CUSTOMER: **in no event shall JDIS be liable, whether in contract, or in tort, or otherwise, for an amount in excess of that paid to JDIS by CUSTOMER under this Agreement for the immediately preceding twelve**

**month period."** (Emphasis added).

Every contract covers a different time period and recites varying payment amounts. Exhibit B to Plaintiff's Complaint, for example: Dated 1/24/2017; expires 2/28/2017; Amount - $345,000.00. Exhibit A to Plaintiff's Opposition Brief: Dated 1/8/2017; expires 5/6/2018; Amount -$230,000.00. Defendants' first exhibit attached to their Reply Brief: Dated 9/27/2016; expires 11/27/2016; Refurbished MRI - amount $345,000.00.

The Payment Terms are not identical in the agreements. Exhibit B to Plaintiff's Complaint recites: 20% UPON SIGNING OF CONTRACT; 70% BEFORE EQUIPMENT REMOVAL FROM CURRENT FACILITY (HOSPITAL OR STORAGE); 10% AFTER FIRST PATIENT SCAN (VOLUNTARY OR REIMBURSABLE) THAT MEETS OEM SPECIFICATIONS. In the Exhibit to Plaintiff's Opposition Brief, scheduled percentages for payment are: 20% - 60% - 20%. In Defendants' first exhibit, the percentages 20% - 70% - 10% are used again.

The yearly rate for 5 years Service (after One Year Warranty) and Maintenance Contract is $75,000.00 at times, and $68,000.00 in other instances.

Construing the Complaint in the light most favorable to Plaintiff, accepting its allegations as true, and drawing all reasonable inferences in favor of Plaintiff, the Court finds that Plaintiff has plausibly alleged the existence of contracts for equipment and services. Defendants do not dispute that the parties' contracts exist. In fact, Defendants provide copies for the Court's consideration.

Plaintiff sufficiently alleges that, starting in January 2019, Defendant JDIS did not fulfill its warranty obligations at several different locations based upon customer complaints.

There were issues with non-functioning MRI equipment and with promised in-person service response. Plaintiff gave Defendants notice of the alleged breaches when Plaintiff provided Defendant Whitney with its spreadsheet.

Plaintiff alleges that it has incurred significant costs to remedy Defendant JDIS's failures, including retaining other entities to fulfill the contract obligations.

Defendants contend that dismissal is appropriate upon application of clear contract provisions. Defendants argue that the Limitation of Liability clause caps their monetary liability at "zero"; that the warranty coverage does not apply; and that the warranty is voided for non-payment.

The Court is confronted with a wholly undeveloped factual picture; and is compelled to find that Defendants are not entitled to dismissal of Plaintiff's Complaint at this juncture of the proceedings.

In every instance, the warranty period begins "after the MRI system performs the first patient scan (reimbursable or voluntary)." Only discovery will disclose the date when that occurred.

Plaintiff's warranty protection is voided immediately upon "failure of CUSTOMER to make payment as scheduled in PAYMENT TERMS." As the Court noted previously, the Payment Terms varied in the percentages due and also included an installment after the first patient scan - which is an unknown.

The parties agreed to an indemnification provision by which the parties would indemnify and hold each other harmless from and against any and all claims, expenses, losses, and obligations arising out of JDIS's or Plaintiff's negligent acts or omissions. Defendants

insist that the Breach of Contract claim has a causal connection to potential negligence, so the exculpatory clause should be given its full effect.  *Bond Safeguard Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 628 F.App'x 648, 654–55 (11th Cir. 2015).  However, the Court finds that, without full discovery, there is not a sufficient causal connection between Defendants' alleged contractual liability and possible negligence to enforce the Hold Harmless clause against Plaintiff.

Defendants contend that warranty coverage does not extend to *damage or repairs due to any non-JDIS party*, and thus argue that reimbursements owed to Consensys and Nationwide are excludable damages.  Discovery will clarify whether Plaintiff and Defendant JDIS intended that reimbursements for third-party repairs are excluded, or whether damage or repairs *caused by* third-parties are excluded.

Defendants refer the Court to the Limitation of Liability clause which caps Plaintiff's recovery to no more than that "paid to JDIS by [Plaintiff] under this Agreement for the immediately preceding twelve month period."  Defendants insist that amount is "zero," since Plaintiff failed to meet its payment obligations at five facilities.  (ECF DKT #19-1 at 7).  The Court notes that this limitation of damages provision is present in only four contracts, according to Defendants' own exhibits.  Without complete discovery, the Court cannot determine whether the provision applies; when installment payments were due following the first patient scan; nor whether the one-year warranty was still in effect under the relevant agreements.  Moreover, if Defendant JDIS was first in breach, Plaintiff's nonpayment may have been excused. Pursuant to the parties' chosen law:  "It is a fundamental principle of Florida contract law that a material breach by one party excuses the performance by the

other." *Hamilton v. Suntrust Mortgage, Inc*., 6 F.Supp.3d 1300, 1309 (S.D. Fla. 2014).

In sum, applying the relevant Fed.R.Civ.P. 12(b)(6) standard of review to the Complaint and the attached exhibits, the Court determines that Plaintiff's claims may go forward even if "actual proof of [the] facts is improbable" or "a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556. The Court finds, therefore, that there are enough facts alleged "to raise a reasonable expectation that discovery will reveal evidence" of the necessary elements of Plaintiff's claims against Defendants. *Id*. By the same token, Defendants are not prohibited from filing an appropriate dispositive motion in the future if discovery warrants.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #19) of Defendants The JDIS Group and Burke Whitney to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is denied.

**IT IS SO ORDERED.**

**DATE: February 26, 2021**

                                        **s/Christopher A. Boyko**
                                        **CHRISTOPHER A. BOYKO**
                                        **Senior United States District Judge**