IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MERRY X-RAY CORPORATION, | CASE NO. 1:20-cv-0285 |
| Plaintiff, | DISTRICT JUDGE CHRISTOPHER A. BOYKO |
| vs. | |
| JDIS GROUP, *et al.*, | MAGISTRATE JUDGE JAMES E. GRIMES JR. |
| Defendants. | **REPORT AND RECOMMENDATION** |

In September 2022, the parties executed a settlement agreement that they had reached in this diversity-jurisdiction case alleging breach of contract. About a week later, the Court issued an Order of Case Dismissal. Doc. 44. In its Order, the Court stated that it would retain jurisdiction to "(1) vacate this Order and reopen the action upon cause shown that settlement has not been completed and further litigation is necessary or (2) alter the terms of settlement and dismissal upon agreement of the parties." *Id*.

In August 2024, Plaintiff Merry X-Ray Corporation filed a Motion to reopen case and Motion to Enforce Settlement Agreement. Doc. 45. The District Court under 28 U.S.C. § 636, and Local Rule 72.1, referred to me for a report and recommendation Merry's motion to enforce settlement agreement. Doc 50. For the reasons explained below, I recommend that the Court grant the motion.

**Background**

Merry sued JDIS Group and its managing partner, Burke Whitney, in February 2020. Doc. 1. Merry alleged that JDIS failed to provide working medical equipment and respond to service-related calls as required by the parties' contracts. Doc. 1, at 4. The Complaint included claims for breach of contract, unjust enrichment, and promissory estoppel against JDIS, and claims of fraud and negligent misrepresentation against Whitney. *Id*. at 10–14. JDIS filed a counterclaim against Merry asserting claims of breach of contract, quantum meruit, and unjust enrichment. Doc. 31, at 16–26.

In September 2022, the parties resolved their dispute and executed a settlement agreement. The agreement states that JDIS and Whitney are required to make to Merry certain payments on a fixed schedule. Doc. 45, at 3; Doc. 48, at 3.[1]

About two years later, Merry filed its Motion to enforce the settlement agreement. Docs. 45, 48. In support of its Motion, Merry's attorney, Robert P. Manetta, attached a declaration detailing the often-late payments that JDIS and Whitney made, and which Merry accepted, since the parties signed their settlement agreement in September 2022. Doc. 48-2, at 3–5. Merry contends that JDIS failed to timely make, and cure its failure to make, its August 2024

---

[1]     Merry was permitted to file the settlement agreement and its motion under seal. *See* Docs. 46, 47. In this report, I have avoided mentioning specific terms of the agreement and I cite to both the redacted and unredacted versions of Merry's motion.

payment, despite Merry's reminders to JDIS's attorney that the payment was due and statements that the failure to pay would result in a breach of the settlement agreement. Doc. 48, at 4–5; Doc. 48-2, at 63. The Defendants did not file a response to the Motion.[2]

Thereafter, I asked the parties to clarify that a purported payment made by JDIS on August 14, to which the email exhibit referred, *see* Doc. 48-2, at 60, had not been received by Merry, Doc. 51, at 2. Merry filed in response another Manetta declaration stating that as of the date of that filing, September 27, 2024, "Merry X-Ray has not received payment from JDIS on or after August 14, 2024." Doc. 52-1, at 2. The Defendants again have not filed a response, and the time to do so has passed.

**The Court has jurisdiction to enforce the settlement agreement**

"Enforcement of [a] settlement agreement … is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). A court establishes jurisdiction to enforce a settlement when it expressly says so in the order of dismissal. *Id.* at 381; *Re/Max Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 641–43 (6th Cir. 2001).

Here, the Court's dismissal order states that it "shall retain jurisdiction to … vacate this Order and reopen the action upon cause shown that

---

[2]    The emails that Manetta attached to his declaration show that the attorney for JDIS and Whitney, Hunter G. Cavell, as well as Whitney himself, were communicating with Manetta. *See, e.g.*, 48-2, at 60.

settlement has not been completed and further litigation is necessary[.]" Doc. 44. In its Motion, Merry alleges that the settlement has not been completed because JDIS stopped making payments. Doc. 48, at 1, 5. It asks the Court to "compel" JDIS "to comply with the terms of the settlement agreement." *Id.* at 1, 5–6. It also requests attorneys' fees and costs "incurred … in pursuing this Motion," *id.*, a request that is also consistent with the parties' settlement agreement, Doc. 48-1, at 7–8. So I recommend that the Court find that it has jurisdiction to entertain Merry's motion and to enforce the terms of the parties' settlement agreement. *See Kokkonen*, 511 U.S. at 381; *Re/Max Int'l*, 271 F.3d at 641–43.

**The settlement agreement is valid and no hearing is required**

Before enforcing a settlement agreement, the court "must conclude that agreement has been reached on all material terms." *RE/MAX Int'l*, 271 F.3d at 645–46 (citing *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988)). "Ordinarily, an evidentiary hearing is required where facts material to an agreement are disputed." *Id.* (citing *Kukla v. Nat'l Distillers Prods. Co.*, 483 F.2d 619, 622 (6th Cir. 1973) and *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1371 (6th Cir. 1976)). But "no evidentiary hearing is required where an agreement is clear and unambiguous and no issue of fact is present." *Id.* (citing *Aro Corp.*, 531 F.2d at 1372. "Thus, summary enforcement of a settlement agreement has been deemed appropriate where no substantial dispute exists

regarding the entry into and terms of an agreement." *Id.* (citing *Kukla*, 483 F.2d at 621).

Here, the parties did not request an evidentiary hearing. *See RE/MAX Int'l*, 271 F.3d at 646 (stating that no hearing was held on the motion to enforce the settlement agreement "because neither party requested one."). The defendants have not disputed the validity of the agreement. Moreover, the record shows that parties have agreed on all material terms. This is evidenced by the fact that the parties signed the agreement, Doc. 48-1, at 12, and that they have for almost two years performed the terms of the agreement, *see* Doc. 48-2, at 3 (Manetta declaration), at 8–72 (emails detailing the communications since September 2022 between the parties regarding payments due and subsequently made under the agreement). So I recommend that the Court find that the parties have a valid agreement and that a hearing is not required.

**Merry has shown that JDIS breached the agreement**

"Settlement agreements are contractual in nature and, as such, basic principles of contract law apply." *Ciuni & Panichi, Inc. v. N. Star Golf Ents.*, No. 94507, 2010 WL 3722282, at *2 (Ohio Ct. App. 2010) (citing *Rulli v. Fan Co.*, 683 N.E.2d 337, 338–39 (Ohio 1997)). And, since contracts are creatures of state law, Ohio's contract principles apply. *See e.g.*, *Smith v. ABN AMRO Mortg. Group Inc.*, 434 F. App'x. 454, 460 (6th Cir. 2011) (citing *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992)). When a contract is unambiguous, a court does not look beyond the four corners of the writing

5

itself to determine the intent of the parties. *See LublinSussman Group LLP v. Lee*, 107 N.E.3d 724, 729 (Ohio Ct. App. 2018).

Here, the terms of the settlement agreement are unambiguous. The agreement sets out the amount of the payments; the payor (whether JDIS or Witney or both); the date the payments are due; the time, if any, the defendants would have to cure a non-payment; and what would happen if the defendants would fail to make a payment. Doc. 48-1, at 5–6, ¶¶6–7. What happens if the defendants would fail to make a payment under the terms of the agreement is that the remaining sum owed under the agreement is immediately due, plus a penalty fee. *Id*. at 3, ¶3; at 6, ¶7.

Under section 3(d) of the agreement, JDIS owed Merry a payment on August 1, 2024. Doc. 48-1, at 3, ¶3(d); Doc. 48-2, at 63. It is undisputed that JDIS failed to pay, *see* Doc. 48-2, at 60, so it had 14 days, until August 15, to cure its failure, *see* Doc. 48-1, at 6, ¶7. Merry states that JDIS did not pay by that cure date—in fact, as of the end of September, JDIS still had not paid. Doc. 52-1, at 2. JDIS has not disputed that it failed to cure its non-payment.

The agreement provides that if JDIS fails to cure within the 14-day period, JDIS "shall be in default" and the entire amount of the settlement agreement, less what JDIS and Whitney had already paid, "shall immediately become due and ow[]ing." Doc. 48-1, at 6, ¶7. Also "immediately" due would be an agreed-upon fee as a penalty. *Id*. So Merry's request to enforce the

agreement to immediately recover from JDIS the amount JDIS still owes under the agreement plus the penalty fee, *see* Doc. 48-2, at 5, ¶15, should be granted.

Finally, the parties' agreement provides that "[i]n the event of any dispute in connection with or concerning the subject matter of this Agreement or any alleged breach of this Agreement, the prevailing party shall be entitled to recover all reasonable costs and expenses incurred by that Party, including reasonable attorneys' fees[.]" Doc. 48-1, at 7–8, ¶11. In its Motion, Merry asks the Court to "award [Merry] its attorneys' fees and costs incurred in bringing this Motion." Doc. 48, at 6.

"Ohio law provides that parties who successfully enforce settlement agreements in courts may recover their reasonable attorneys' fees and expenses incurred in enforcing the settlement." *Integrity Energy, Ltd. v. Hunter*, No. 1:18-cv-978, 2021 WL 2808689, at *10 (N.D. Ohio July 6, 2021) (citing *Rohrer Corp. v. Dane Elec. Corp, U.S.A.*, 482 Fed. Appx. 113, 117 (6th Cir. 2012)). Here, the parties' settlement agreement permits Merry to seek attorneys' fees that it incurred while pursuing recovery for JDIS's breach. Doc. 48-1, at 8; *see Marten Transp., Ltd. v. Logistical Advantage Corp.*, No. 1:22-cv-1118, 2023 WL 5277765, at *5 (N.D. Ohio June 14, 2023) (enforcing an attorney-fee provision in the breached settlement agreement because the parties "freely negotiate[d]" the attorney-fee provision) (citing *Worth v. Aetna Cas. & Sur. Co.*, 32 Ohio St.3d 238, 513 N.E.2d 253 (1987)). If the Court finds that Merry has shown that it is entitled to relief on its motion to enforce the

parties' settlement agreement, I recommend that Merry be permitted to submit for the Court's consideration a fee application detailing its fees and costs that it incurred in bringing this motion.

### Conclusion and Recommendation

For all of the foregoing reasons, I recommend that the Court grant Merry's motion to enforce the parties' settlement agreement.

Dated: October 8, 2024

        */s/ James E. Grimes Jr.*
        James E. Grimes Jr.
        U.S. Magistrate Judge

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).