## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| MERRY X-RAY CORPORATION, | ) | CASE NO. 1:20CV285 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| JDIS GROUP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

On September 13, 2022, the parties informed the Court that a settlement had been reached in the above-captioned breach of contract action. Therefore, the Court entered its own dismissal entry on the following day.

On August 20, 2024, Plaintiff Merry X-Ray Corporation filed a Motion to Reopen the Case and to Enforce the Settlement Agreement. (ECF DKT #45 and SEALED #48). Plaintiff contends that Defendants JDIS Group and Burke Whitney defaulted on their agreed settlement payments.

Pursuant to 28 U.S.C. § 636 and Local Rule 72.1, the Court referred the Motion to the assigned Magistrate Judge for a report and recommendation. The Court decided to hold the request to reopen the case in abeyance.

In the Report and Recommendation (ECF DKT #53), the Magistrate Judge found that the Court retained jurisdiction to enforce the settlement agreement; that the settlement agreement is valid and no hearing is required; that Plaintiff has demonstrated that Defendants are in breach by virtue of nonpayment; that the entire amount of the settlement agreement (less any payments

made) is immediately due along with the agreed-upon penalty fee; and that Plaintiff, as the prevailing party and pursuant to the parties' agreement, is entitled to recover reasonable attorneys' fees and costs incurred in enforcing the settlement. The Report and Recommendation includes a conspicuous notice that any objections must be filed with the Clerk of Courts within 14 days of service.

As of this date, no objections have been filed.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 72 provides that objections to a report and recommendation must be filed within fourteen days after service. Fed.R.Civ.P. 72(b). Defendants have failed to timely file any such objections. Therefore, the Court must assume that Defendants are satisfied with the Magistrate Judge's recommendation. Any further review by this Court would be duplicative and an inefficient use of the Court's limited resources. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), aff'd 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Serv.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

When objections are made to a report and recommendation of a magistrate judge, the district court conducts a *de novo* review. Fed.R.Civ.P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. *Id*. The Advisory Committee on Civil Rules commented on a district court's review of unopposed reports by magistrate judges and stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72 Advisory Committee's notes

(citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), cert. denied, 419 U.S. 879).

"In the Sixth Circuit, failure to object constitutes a forfeiture." *Schuster v. Comm'r of Soc. Sec.*, 2022 WL 219327, at *1 (N.D. Ohio, Jan. 25, 2022) (Lioi, J.) (citing *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here.")); see also *Thomas v. Arn*, 474 U.S. at 152 (holding that the Sixth Circuit's waiver/forfeiture rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed").

## <u>CONCLUSION</u>

Upon consideration of the Magistrate Judge's Report and Recommendation, the Court finds no clear error, agrees with the findings and adopts the recommendation.  The Motion of Plaintiff Merry X-Ray Corporation to Enforce the Settlement Agreement (ECF DKT #45 and SEALED #48) is granted; and the remaining settlement amount and penalty are immediately due and payable by Defendants JDIS Group and Burke Whitney.  The Court finds that the Request to Reopen the Case is denied as unnecessary.  Within 30 days, Plaintiff Merry X-Ray may submit an application for reasonable fees and costs incurred in bringing this Motion to Enforce.


**IT IS SO ORDERED.**

**DATE: 12/3/2024**          **s/Christopher A. Boyko**
                        **CHRISTOPHER A. BOYKO**
                        **United States District Judge**

-3-