**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| MERRY X-RAY CORPORATION d/b/a UNIVERSAL MEDICAL SYSTEMS, <br><br>  Plaintiff, <br><br> v. <br><br> JDIS GROUP, *et al.*, <br><br>  Defendants. | ) CASE NO. 1:20CV285 <br> ) <br> ) SENIOR JUDGE CHRISTOPHER A. <br> ) BOYKO <br> ) <br> ) MAGISTRATE JUDGE JAMES E GRIMES <br> ) JR. <br> ) <br> ) **PLAINTIFF'S APPLICATION FOR FEES** <br> ) **& COSTS** <br> ) |

Plaintiff Merry X-Ray Corp. d/b/a Universal Medical Systems ("Plaintiff") submits this application in response to the Court's December 3, 2024 Opinion & Order ("Order," ECF No. 54.) In the Order, the Court adopted the Magistrate Judge's Report & Recommendation (ECF No. 53) on Plaintiff's Motion to Reopen the Case and to Enforce the Settlement Agreement (ECF No. 45 and SEALED No. 48). In adopting the Report & Recommendation, the Court ordered that the "remaining settlement amount and penalty are immediately due and payable by Defendants JDIS Group and Burke Whitney," and the Court ordered that "[w]ithin 30 days, Plaintiff Merry X-Ray may submit an application for reasonable fees and costs incurred in bringing this Motion to Enforce." (Order, ECF No. 54, p. 3). As set forth in Plaintiff's application, Plaintiff is entitled to its reasonable attorney's fees and costs, totaling **$10,775.60**, incurred in enforcing the terms of the Settlement Agreement.[1]

**I.    FACTS & PROCEDURAL HISTORY**

Plaintiff brought this action against the Defendants on February 7, 2020 to remedy JDIS's failure to provide working medical equipment and/or respond to service-related calls as required

---

[1] Capitalized terms used herein are as defined in Plaintiff's Motion to Reopen Case and Enforce Settlement Agreement (ECF No. 45 and SEALED No. 48.)

1

by the parties' contracts. The Complaint asserted claims for breach of contract, unjust enrichment, and promissory estoppel against JDIS, and claims of fraud and negligent misrepresentation against Whitney. (*See, generally*, Compl., ECF No. 1.) On June 11, 2021, JDIS filed a counterclaim against Plaintiff, asserting claims of breach of contract, quantum meruit, and unjust enrichment. (ECF No. 31.)

On September 6, 2022, the parties reached a settlement, as reflected in the terms of the executed Settlement Agreement. On September 14, 2022, this Court issued an Order dismissing this action, with prejudice. (*See* ECF No. 44.) In the Order, the Court expressly retained jurisdiction over the Settlement Agreement. (*Id.*) The Parties additionally agreed to the Court's enforcement jurisdiction over the Settlement Agreement. (ECF No. 45-1 § 9.)

Despite initially making payment to MXR under the terms of the Settlement Agreement, JDIS has failed to make further payment, and is now in default.[2] On August 20, 2024, Plaintiff files its Motion to Reopen Case and Enforce Settlement Agreement ("Motion") in which Plaintiff requested this Court compel JDIS to comply with the terms of the Settlement Agreement. (ECF No. 45 and SEALED No. 48.)

On October 8, 2024, Magistrate Judge Grimes entered his Report and Recommendation, recommending this Court enforce the terms of the Settlement Agreement and permit Plaintiff to submit to the Court for its consideration a fee application detailing its costs and fees incurred in bringing the Motion. (ECF No. 53.) Later, on December 3, 2024, this Court adopted Magistrate Judge Grimes' Report & Recommendation, holding that Plaintiff's Motion was granted; that "the remaining settlement amount and penalty are immediately due and payable by Defendants JDIS

---

[2] JDIS remains in default as of the filing of this application, and Plaintiff's motion for default judgment is forthcoming.

2

Group and Burke Whitney" and that Plaintiff "may submit an application for reasonable fees and costs incurred in bringing" the Motion. (Order, ECF No. 54.)

## II. LAW & ARGUMENT

### a. Plaintiff is Entitled to the Costs and Fees Incurred in Bringing the Motion.

As Magistrate Judge Grimes held in his Report & Recommendation, and adopted by this Court, Plaintiff is entitled to its costs and attorney's fees in bringing the Motion to enforce the plain terms of the Settlement Agreement:

> "Ohio law provides that parties who successfully enforce settlement agreements in courts may recover their reasonable attorneys' fees and expenses incurred in enforcing the settlement." *Integrity Energy, Ltd. v. Hunter,* No. 1:18-cv-978, 2021 WL 2808689, at *10 (N.D. Ohio July 6, 2021) (citing *Rohrer Corp. v. Dane Elec. Corp, U.S.A.,* 482 Fed. Appx. 113, 117 (6th Cir. 2012)). Here, the parties' settlement agreement permits [Plaintiff] to seek attorneys' fees that it incurred while pursuing recovery for JDIS's breach. Doc. 48-1, at 8; *see Marten Transp., Ltd. v. Logistical Advantage Corp.,* No. 1:22-cv-1118, 2023 WL 5277765, at *5 (N.D. Ohio June 14, 2023) (enforcing an attorney-fee provision in the breached settlement agreement because the parties "freely negotiate[d]" the attorney-fee provision) (citing *Worth v. Aetna Cas. & Sur. Co.,* 32 Ohio St.3d 238, 513 N.E.2d 253 (1987)).

(ECF No. 48 at 7-8.) As set forth below, Plaintiff incurred **$10,775.60** in attorney's fees in bringing the Motion to enforce the terms of the Settlement Agreement.

### b. Plaintiff's Attorney Fees Were Necessary and Reasonable.

When determining the amount of reasonable attorney fees, courts use the "lodestar" approach. *Ametex Fabrics, Inc. v. Custom Interiors and Supply Co.*, 162 F.3d 1161 (table) (6th Cir. 1998); *Studio A Entm't, Inc. v. Action DVD*, 658 F. Supp. 2d 851, 856 (2009). The lodestar amount is established by multiplying a reasonable hourly rate by the number of hours expended by attorneys on the case. *Studio A*, 658 F. Supp. 2d at 856. There is a strong presumption that the lodestar amount is reasonable. *Id.* When assessing reasonableness, courts analyze whether attorneys made a good faith effort to exclude hours that are excessive, redundant, or otherwise

3

unnecessary and whether the party requesting fees must present the court with sufficient detail to determine reasonableness. *Id.* at 857. Here, Taft Stettinius & Hollister LLP's ("Taft") attorney's fees for its services in this lawsuit are reasonable for several reasons.

First, the hourly rates that Taft attorneys charged were reasonable. To determine an attorney's reasonable rate, courts should use the prevailing market rates in the relevant community. *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). The Sixth Circuit defines the prevailing market rate as the rate that "lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). Here, the hourly billing rates of the Taft attorneys who provided services to Plaintiff are: $510.00 for Mr. Paul Harris; $350.00 for Ms. Daniela Paez; $450.00 for Mr. Jack Maib; and $350.00 for Ms. Devina Patel. (*See* Exhibit A, Declaration of Attorney Paul R. Harris ¶ 4.) Notably, Taft reduced certain attorney rates for this matter, and significantly reduced the rate for Ms. Paez when she joined Taft and began working with Plaintiff. Thus, Taft's rates are reasonable and consistent with prevailing market rates in Cleveland and Northeast Ohio. *See Truex v. Drivers Direct, LLC*, 583 F. Supp. 3d 1033, 1036 (N.D. Ohio 2022) ($500.00 hourly rate reasonable); *Best Process Sols., Inc. v. Blue Phoenix Inashco USA, Inc.*, No. 1:21-CV-00662, 2024 WL 1141495, at *4 (N.D. Ohio Mar. 15, 2024) ($465.00 rate reasonable).

Second, Taft staffed the matter appropriately and efficiently. (Ex. A, Harris Decl. ¶ 3.) Work was divided primarily between Mr. Harris, Ms. Paez, and Mr. Maib, with intermittent but meaningful assistance from Ms. Patel. (*Id.*) Mr. Harris, Ms. Paez, Mr. Maib, and Ms. Patel are all members of Taft's Litigation practice group, with significant experience in commercial litigation. (*Id.*) Taft strived to allocate appropriate work to Mr. Maib and Ms. Patel, as the associates on the matter. (*Id.*)

Third, a client's payment of charged attorneys' fees is evidence of their reasonableness. *Stults & Assocs., Inc. v. United Mobile Homes, Inc.*, No. 9-01-09, 2001 WL 794513, at *4 (Ohio Ct. App. July 16, 2001) ("[o]ne measure of reasonableness is whether a reasonable business client would be willing to pay the fees requested by the attorney.") Plaintiff has paid the $10,775.60 sought through this application, further evidencing the reasonableness of this amount. (Ex. A, Harris Decl. ¶ 5.)

For these reasons, Plaintiff's fees incurred are reasonable under the lodestar approach, and Plaintiff respectfully moves this Court award it **$10,775.60**, the amount of attorney's fees incurred in bringing the Motion to enforce the terms of the Settlement Agreement.

## III. CONCLUSION

Accordingly, Plaintiff respectfully requests that Defendant JDIS be ordered to pay Plaintiff's attorney's fees, in the amount of **$10,775.60**, as sanctions which were agreed upon by the parties in their Settlement Agreement. Plaintiff also reserves the right to supplement this application to request recovery of additional fees, including those incurred in preparing and pursuing this submission to its conclusion.

        Respectfully submitted,

/s/ *Paul R. Harris*
Paul R. Harris (0079538)
TAFT STETTINIUS & HOLLISTER LLP
200 Public Square
Suite 3500
Cleveland, Ohio 44114
Phone:  (216) 241-2838
Fax:     (216) 241-3707
Email:  pharris@taftlaw.com

*Attorney for Plaintiff Merry X-Ray Corp. d/b/a Universal Medical Systems*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 2nd day of January, 2025, a true and accurate copy of the foregoing was filed using the Court's ECF system and served via ECF and email upon the following:

>Hunter G. Cavell
>Cavell Law
>30625 Solon Road, Ste. C.
>Solon, OH 44139
>440-940-6443
>Fax: 440-448-4901
>Email: hcavell@cavelllaw.com
>
>*Attorney for Defendant JDIS Group*

/s/ *Paul R. Harris*
Paul R. Harris (0079538)

*Attorney for Plaintiff Merry X-Ray Corp. d/b/a Universal Medical Systems*